IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

DALE MARCZAK,                    )        CIVIL NO. 06-00336 SOM-LEK
                                 )
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
SSANG LIQUOR, INC.,              )
                                 )
          Defendant.             )
_____ )


**AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT**

          Before the Court is Plaintiff Dale Marczak's
("Plaintiff") Motion for Judgment by Default ("Motion"), filed
August 28, 2006.  This matter came on for hearing on
September 28, 2006, with Lunsford Dole Phillips, Esq., appearing
on behalf of Plaintiff.  Plaintiff filed a supplemental
declaration of counsel on October 2, 2006.  After careful
consideration of the Motion, supporting documents, and the
relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS
that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART for
the reasons set forth below.

**BACKGROUND**

          On June 21, 2006, Plaintiff filed the instant action
against Defendant Ssang Liquor, Inc. ("Defendant").  The
Complaint alleges that Defendant operates one or more places of
public accommodation that is or are in violation of the Americans

with Disabilities Act ("ADA") and the parallel state law.  The
Complaint states that Plaintiff is a disabled person who, as a
past and future patron of Defendant's, has been subjected to
unlawful discrimination by Defendant.  The Complaint seeks: a
permanent injunction requiring Defendant to fully comply with the
ADA within ninety days and to comply with the ADA in the future;
$1,000 in monetary damages as provided by Hawai`i Revised
Statutes § 347-13.5; litigation expenses, including attorney's
fees and expert's fees; and any other relief the court deems
proper.

Plaintiff served Defendant with the Complaint on
July 2, 2006 and Defendant's answer was due on July 24, 2006.
After Defendant failed to answer, Plaintiff obtained an entry of
default on July 27, 2006.  Defendant has never appeared in this
case.  Plaintiff filed the instant Motion on August 28, 2006,
seeking the relief requested in the Complaint.

**DISCUSSION**

**I.    Default Judgment**

"'The general rule of law is that upon default the
factual allegations of the complaint, except those relating to
the amount of damages, will be taken as true.'"  TeleVideo Sys.,
Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting
Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).
However, a plaintiff who obtains a entry of default is not

entitled to default judgment as a matter of right.  See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004).  Default judgments are disfavored; cases should be decided on the merits if possible.  See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).  Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).  Plaintiff has diligently litigated this case and he will be prejudiced if the entry of judgment is delayed.  The Court also finds that Plaintiff's Complaint sufficiently alleges substantive claims.  Further, in light of the fact that Defendant has made no appearance in this case, there is no possibility of a dispute

over the material facts and there is no indication that the
default was due to excusable neglect.  This Court therefore finds
that factors (1), (2), (3), (5), and (6) weigh in favor of
granting the Motion.

Plaintiff seeks $1,000.00 in statutory damages pursuant
to Hawai`i Revised Statutes § 347-13.5.  Thus, the amount of
money at stake is small and factor (4) is therefore neutral.  The
only factor that weighs against granting the Motion is the strong
policy favoring decisions on the merits.  Having considered all
of the relevant factors, this Court FINDS that default judgment
is warranted in this case.

## II.  <u>**Injunctive Relief & Statutory Damages**</u>

Plaintiff seeks a permanent injunction requiring
Defendant to bring its places of public accommodation into
compliance with the ADA within ninety days.  Under the ADA,
discrimination includes: "a failure to remove architectural
barriers, and communication barriers that are structural in
nature, in existing facilities, . . . where such removal is
readily achievable[.]"  42 U.S.C. § 12182(b)(2)(A)(iv).
Plaintiff submitted a declaration by counsel, confirming that
Club Chance's entrance, route of passage, and restrooms pose
barriers to wheelchair access.[1]  The Court finds that the
barriers identified by counsel constitute violations of the ADA.

---

[1] Defendant is Club Chance's liquor licensee.

The ADA provides that, "[i]n the case of violations of sections 12182(b)(2)(A)(iv) . . . , injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter."  42 U.S.C. § 12188(a)(2).  Pursuant to § 12188(a)(2), this Court RECOMMENDS that the district court GRANT Plaintiff's request for an injunction requiring Defendant to remove the barriers to accessibility at Club Chance.

Hawai`i Revised Statutes § 347-13.5 provides, in pertinent part: "Any person injured by a violation of section 347-13 may bring a civil action to recover three times the person's actual damages or $1,000, whichever sum is greater, for each violation. . . ."  Section 347-13(a) provides, in pertinent part, that the "physically disabled are entitled to full and equal accommodations, advantages, facilities, and privileges of all . . . places of public accommodation . . . ."  This Court finds that the aforementioned barriers to accessibility in Club Chance constitute violations of § 347-13(a).  The Court therefore RECOMMENDS that the district court award Plaintiff $1,000.00 in statutory damages pursuant to § 347-13.5.

## III. <u>Litigation Fees</u>

Plaintiff also seeks an award of his reasonable attorney's fees and costs.  A court, in its discretion, may award

5

reasonable attorney's fees, litigation expenses, and costs to the prevailing party in an action commenced under the ADA.  See 42 U.S.C. § 12205.

A.    **Attorney's Fees**

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB–P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been
subsumed in the lodestar calculation.  See Morales v. City of San
Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth
Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567
(1992), held that the sixth factor, whether the fee is fixed or
contingent, may not be considered in the lodestar calculation.
See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549
(9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345
(9th Cir. 1993).  Once calculated, the "lodestar" is
presumptively reasonable.  See Pennsylvania v. Delaware Valley
Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see
also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar
figure should only be adjusted in rare and exceptional cases).

        Plaintiff requests the following lodestar amount for
work performed in connection with this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lunsford Dole Phillips | 9.6 | $275 | $2,640.00 |
| | Hawai`i General Excise Tax 4.166% | | $  109.98 |
| | | TOTAL REQUESTED LODESTAR | $2,749.98 |

[Exhs. A & B to Motion.]  Mr. Phillips was admitted to the
Hawai`i bar in 1987.

        1.    **Reasonable Hourly Rate**

        In determining whether an hourly rate is reasonable,
the Court considers the experience, skill, and reputation of the

attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Although it is usually required that counsel submit additional evidence that the rate charged is reasonable, see id., this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation.  Based on this Court's knowledge of the prevailing rates in the community and Plaintiff's submissions in this case, this Court finds that the requested hourly rate of $275 is unreasonable.  The Court finds an hourly rate of $250 to be reasonable.

## 2. **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are

reasonably necessary to achieve the results obtained.  See <u>Tirona</u> <u>v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See <u>id.</u> at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).

This Court finds that the number of hours in the request is manifestly reasonable.

### 3.  **Total Award**

Based on the foregoing, this Court finds that Plaintiff has established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lunsford Dole Phillips | 9.6 | $250 | $2,400.00 |
| Hawai`i General Excise Tax 4.166% | | | $  99.98 |
| TOTAL LODESTAR | | | $2,499.98 |

The Court finds it unnecessary to adjust the lodestar amount

9

based on the <u>Kerr</u> factors.  The Court RECOMMENDS that Plaintiff's request for attorney's fees be GRANTED IN PART AND DENIED IN PART.

    **B.**   <u>**Costs**</u>

Plaintiff also requests the following litigation costs:

| | |
|---|---|
| Filing fee (with 1 certified copy) | $359.00 |
| Service fee | <u>$ 85.00</u> |
| TOTAL | <u>$444.00</u> |

[Exh. B to Motion; Exhs. A & B to Supp. Decl. of Lunsford Dole Phillips.]

The Court finds these costs to be manifestly reasonable and necessarily incurred in the pursuit of this action.  The Court therefore RECOMMENDS that the district court GRANT Plaintiff's request for costs in full.

<u>**CONCLUSION**</u>

On the basis of the foregoing, this court FINDS AND RECOMMENDS that Plaintiff's Motion for Judgment by Default, filed August 28, 2006, be GRANTED IN PART AND DENIED IN PART.  This Court recommends that the district court:

    1)   GRANT Plaintiff an injunction requiring Defendant to remove the barriers to accessibility identified by counsel within ninety days of the entry of judgment;

    2)   AWARD Plaintiff $1,000.00 in statutory damages pursuant to Haw. Rev. Stat. § 347-13.5;

3)    GRANT Plaintiff's request for attorney's fees in part

and DENY it in part;

4)    GRANT Plaintiff's request for costs; and

5)    AWARD Plaintiff attorney's fees in the amount of

$2,499.98 and costs in the amount of $444.00.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, October 5, 2006.



_/S/ Leslie E. Kobayashi_____
Leslie E. Kobayashi
United States Magistrate Judge

**DALE MARCZAK V. SSANG LIQUOR, INC.**; CIVIL NO. 06-00336 SOM-LEK;
**AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT**